## HAMMERMILL PAPER COMPANY, Petitioner,

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 80–2499.

United States Court of Appeals, Third Circuit.

Nov. 2, 1981.

### SUR PETITION FOR REHEARING

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.

The petition for rehearing filed by Petitioner in the above entitled case having been submitted to the judges who participated in the decision of this Court, 658 F.2d 155, and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the Court in banc, the petition for rehearing is denied.

Circuit Judges ADAMS, WEIS and GARTH would grant rehearing. In connection therewith, Circuit Judge GARTH makes the following statement:

I have previously expressed my view in my concurring opinion in *NLRB v. Pincus Bros., Inc.—Maxwell*, 620 F.2d 367 (3d Cir. 1980), as to what I regard as the proper standard of review (a legal error standard) in a *Spielberg* deferral context. Thus, in this instance, I need not address that subject again.

Of equal importance here is my concern with the Board's virtual abandonment of its deferral doctrine in a case where deferral was so obviously indicated. Judge Adams' cogent panel dissent speaks to this point. I would only add to his analysis the thoughts expressed in a similar context by Chief Judge Feinberg of the Second Circuit in *Distillery Workers, Local 2 v. NLRB*, 664 F.2d 318, 107 LRRM 3137 (2d Cir. 1981), with which I wholeheartedly concur:

In this case, the Board did not purport to clarify or revise its announced standards for deference. Strictly speaking, it did not even decide whether the circumstances presented here warranted an exercise of its discretion in deferring to the arbitrator's award. Instead, acting on a motion for summary judgment, it misconstrued the arbitrator's award and, relying exclusively on its misconstruction, "blithely ignored" its own standards. To accept its action in this case would render the Board's—and the courts'—laboriously developed standards of deference virtually meaningless, depriving parties to collective bargaining agreements of a reasonable expectation of finality in properly conducted arbitrations and significantly undermining the value and efficacy of arbitration as an alternative to the judi-

cial or administrative resolution of labor disputes.

*Id.* at 326, (footnote omitted).