**Michael M. SCHAEFER, an individual proprietor, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 82–3201.**

United States Court of Appeals, Third Circuit.

March 11, 1983.

SUR PETITION FOR REHEARING

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, HUNTER,

---

WEIS, GARTH, HIGGINBOTHAM, SLO-VITER and BECKER, Circuit Judges.

GIBBONS, Circuit Judge.

The petition for rehearing filed by petitioner in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied. 697 F.2d 558 (3rd Cir. 1983).

Judge Garth would grant the petition for rehearing.

GARTH, Circuit Judge, dissenting from denial of rehearing.

I would grant Schaefer's petition for rehearing for at least three reasons.

First, I believe the *Schaefer* holding is in direct conflict with this court's earlier decision in *NLRB v. Pincus Brothers, Inc.-Maxwell*, 620 F.2d 367 (3d Cir.1980). Second, the standard by which the Board's deferral practice must be measured has yet to be definitively established by this court. Third, this court has yet to address the question whether a private settlement agreement must be accorded the same deference as an arbitral award and, if so, the standard to be applied.

As I read the court's opinion in *Schaefer v. NLRB*, 697 F.2d 558 (3d Cir.1983), it appears clear to me that what had been Judge Gibbons' dissenting, and therefore minority, position in *Pincus Brothers, supra*, 620 F.2d at 384–99 (Gibbons, J., dissenting), has now in effect become this court's majority position in *Schaefer*. This doctrinal reversal has been accomplished not by our court sitting *in banc*, as our procedures require in such a case, *see* Third Cir.Int.Op.P. ch. VIII(C), but rather by a panel decision which apparently disagrees with the concepts espoused by the majority of the *Pincus* panel.

Moreover, in *Pincus* the panel was divided with respect to the standard to be applied in reviewing the Board's *Spielberg-Collyer* deferral practice to an arbitration award. Judge Rosenn applied an abuse-of-discretion standard to such awards. *Pincus Brothers, supra*, 620 F.2d at 372–74. On the other hand, I applied an error-of-law standard; it is my view that once a policy determination has been announced by the Board, it has the effect of any other rule of law. *Id.* at 377–82 (Garth, J., concurring). Judge Gibbons, of course, dissented in *Pincus Brothers. Id.* at 384–99 (Gibbons, J., dissenting). As a result, the court in *Pincus Brothers* adopted no standard of review, but held that under either a "legal error" or discretionary standard, the Board should have deferred to arbitration.

Subsequent decisions of this court, citing to *Pincus Brothers,* have assumed without discussion, and apparently without the issue of appropriate standard being raised, that an abuse-of-discretion standard governs. *See NLRB v. General Warehouse Corp.,* 643 F.2d 965, 968 (3d Cir.1981); *cf. Hammermill Paper Co. v. NLRB,* 658 F.2d 155, 159, 161 (3d Cir.1981); *see* 665 F.2d 56 (Garth, J., dissenting from denial of rehearing). While I would urge that this court should adopt the error-of-law standard which I advocated in *Pincus Brothers,* I recognize that whether I prevail in this respect or not is less important to our jurisprudence than the definitive selection and adoption of a standard which has the authority of the court. This feature of *Schaefer* alone more than satisfies the criteria for rehearing *in banc.*

In addition, this court has yet to address the question of whether a private settlement agreement is subject to deferral by the Board as is an arbitration. To this extent the issue is a matter of first impression for our court. Moreover, the standard to apply to deferral in a private settlement context has never been announced for this court, and apparently remains unsettled in other jurisdictions as well. *See Roadway Express, Inc. v. NLRB,* 647 F.2d 415, 419 (4th Cir.1981).

Finally, I question the *Schaefer* panel's approval of the Board's actions denying deferral to the agreement made between Schaefer and the Union. First, the Schaefer employees apparently received consideration for the withdrawal of charges. 697 F.2d at 560. Because the panel opinion affirms the Board's award of backpay, the employees presumably will now receive double compensation. Second, the Board itself would apparently defer to such a private settlement agreement. Indeed, the opinion in *Schaefer*, citing Board precedent and *Roadway Express, supra,* concedes that the Board's *Spielberg-Collyer* doctrine applies to private settlement agreements negotiated in good faith just as it does to arbitration. *See Schaefer, supra,* 697 F.2d at 561. As I have previously indicated, in my view the Board must live by the rules it has established, *see Pincus Brothers, supra,* 620 F.2d at 384 (Garth, J., concurring), and it is evident that the Board has yet to abandon its rule on deferral.

The issues which I have noted above are all presented in *Schaefer* and satisfy this court's rehearing criteria. I therefore vote for rehearing, because I believe that any one of these issues, alone or in combination, merits this court's consideration *in banc.*